JAMES PHILLIPS *vs.* RICHARD SOULE, Administrator, & others.

By indenture, A. agreed to make certain advances to B. for building and finishing a house on A.'s land, and seventy days after its completion to convey the house and other land to B.; and B. agreed to build the house and furnish all the labor and materials, and, upon delivery of the deed, to repay to A. all his advances with interest, and to pay a certain price for the land, either in cash or by his note payable in five years and secured by mortgage of the land. *Held*, that the agreement to deliver the deed and to pay the money were mutual and dependent stipulations, and that B. could not, four years after the completion of the contract, and two years and a half after A.'s death, elect to pay by note secured by mortgage; but that upon payment of the money according to the contract he was entitled to specific performance.

BILL IN EQUITY, filed in July 1855, against the administrators and heirs of Thomas W. Herrick, for the specific performance of an indenture by which Joseph S. Blois (who had since assigned all his rights to the plaintiff) covenanted and agreed with Herrick to build before the 1st day of July 1851, on Herrick's land, a dwelling-house, and furnish all labor and materials therefor; and, upon the completion of the house and the tender of a deed from Herrick of the house and lot and of an adjoining piece of land, to pay to Herrick a certain sum for the land and also the amount of all advances made by him during the building of the house, either in cash or by his negotiable note payable on the 1st of April 1855, with interest semi-annually, and secured by mortgage of the said house and land; and Herrick by a previous clause of the indenture covenanted and agreed, " at the expiration of seventy days from and after the complete and perfect fulfilment by the said Blois of the covenants and agreements hereinafter contained to be by him performed," to deliver a warranty deed of said land at the price agreed to be paid as thereinafter provided; and to make advances to Blois as he should proceed with the building of the house, amounting in all to $2500.

At the trial before *Merrick*, J., and a jury, at October term 1856, the plaintiff introduced evidence tending to show that he built and finished the house according to the indenture, and that Herrick made the advances of $2500, and other sums to enable

him to finish the house ; that, after the lapse of seventy days
from the completion of the house, he requested Herrick to make
the deed of the house and land according to the indenture, and
that Herrick said he would do so as soon as he should obtain a
deed of the adjoining piece of land from his vendor ; that noth-
ing further took place between the parties during the lifetime of
Herrick, who died on the 31st of December 1853, and upon
whose estate administration was granted to Soule in the March
following.    There was no evidence that the plaintiff ever paid
or offered to pay to Herrick in his lifetime, or to any of the de-
fendants since, the money to be paid on the conveyance of the
estate to him, or made or offered to make his promissory note
therefor according to the indenture.

Soule, being called as a witness for the plaintiff, testified that
he had frequently told the plaintiff that he would convey the
property if the plaintiff would pay up what was due, and that
the plaintiff's reply was that he could not raise the money.    In
answer to a question by the plaintiff, Soule said he had never
offered to convey the estate if the plaintiff would give him his
note and mortgage of the premises.

Upon these facts, a verdict was taken for the defendants, and
the case reported to the full court.

*E. Ripley*, for the plaintiff.

*W. Brigham*, for the defendants.

BIGELOW, J.    On the facts proved in this case we think a
waiver of the strict performance of the original terms of the
contract may fairly be inferred, and that the plaintiff is entitled
to a conveyance of the land on fulfilling the stipulations on his
part to be performed.    The conveyance to be made by the
intestate to the plaintiff was not of the nature of a condition
precedent.    The stipulations of the parties respectively were
mutual and dependent, and the deed from Herrick to the plain-
tiff and the mortgage back to Herrick were to be simultaneous
acts.    *Kane* v. *Hood*, 13 Pick. 281.

After the long delay of the plaintiff in bringing his suit for
the specific performance of the contract, we think he cannot
equitably claim that the administrator shall now receive the

note and mortgage for the sum due the estate under the con-
tract, but that under the circumstances of the case he is bound
to pay it to the administrator in money, on receiving a proper
conveyance of the premises. *Decree accordingly.*